LUCERO, Circuit Judge.
Affliction Holdings, LLC ("Affliction") sued Utah Vap or Smoke, LLC ("Utah Vap") alleging trademark infringement. The district court granted Utah Vap's motion for summary judgment, holding there was no likelihood of confusion between the parties' marks. Exercising jurisdiction under 28 U.S.C. § 1291, we reverse.
I
Affliction is an apparel company headquartered in California. It has registered trademarks which include the AFFLICTION Word Mark, and the "Affliction LF Fleur-de-Lis" (composed of a decorative upside-down fleur-de-lis contained inside of a circle, with the words "AFFLICTION LIVE FAST" in Gothic lettering).
Utah Vap is an electronic nicotine delivery system (i.e., e-cigarette) accessory company headquartered in Utah. It primarily sells vaping accessories but also sells some promotional apparel. Utah Vap's marks incorporate a right-side-up decorative fleur-de-lis within a circle, and the words "VAPE AFFLICTION" in a font dissimilar to the Gothic lettering on the Affliction LF Fleur-de-Lis mark.
*1114 Affliction alleged Utah Vap was selling products using marks that misrepresent the products as being from Affliction. It filed suit claiming: (1) trademark infringement under the Lanham Act; (2) false designation of origin and false descriptions; (3) common law trademark infringement; (4) common law unfair competition; and (5) unfair competition in violation of a Utah statute. Affliction sought damages, noting in its initial discovery disclosures that it "currently lack[ed] information sufficient to calculate either [Utah Vap]'s profits or its actual damages." It later claimed damages based on Utah Vap's revenue.
Utah Vap moved for summary judgment, asserting that there was insufficient evidence to create a triable issue as to a likelihood of confusion between the marks, and that Affliction failed to disclose a computation of damages during the discovery period sufficient to introduce evidence of damages at trial. The district court granted summary judgment to Utah Vap. Affliction timely appealed.
II
We review the grant of summary judgment de novo. Hobbs ex rel. Hobbs v. Zenderman, 579 F.3d 1171, 1179 (10th Cir. 2009). A party is entitled to summary judgment if, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Id.
Claims of trademark infringement require a party to establish that it has a legal right to a mark[1] and that the defendant's use of a similar mark is likely to generate consumer confusion in the marketplace. See 1-800 Contacts, Inc. v. Lens.com, Inc., 722 F.3d 1229, 1238 (10th Cir. 2013). Consumer confusion can arise prior to sale (in initial interest), at the point-of-sale, or in post-sale contexts. See id. at 1239, 1242. Affliction specifically alleges on appeal the existence of initial interest and post-sale confusion.[2]
"In this circuit, likelihood of confusion is a question of fact [ ] amenable to summary judgment," Sally Beauty Co. v. Beautyco, Inc., 304 F.3d 964, 972 (10th Cir. 2002), only if "no reasonable juror could find likelihood of confusion between plaintiff's and defendants' marks," King of the Mountain Sports, Inc. v. Chrysler Corp., 185 F.3d 1084, 1093 (10th Cir. 1999).
In assessing whether there is a likelihood of confusion, we consider the following non-exhaustive factors:
*1115 (1) the degree of similarity between the marks; (2) the intent of the alleged infringer in adopting its mark; (3) evidence of actual confusion; (4) similarity of products and manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the strength or weakness of the marks.
Sally Beauty Co., 304 F.3d at 972. "These factors are interrelated and no one factor is dispositive." Id. But the degree of similarity is the most important factor. See Hornady Mfg., Inc. v. Doubletap, Inc., 746 F.3d 995, 1001 (10th Cir. 2014) ; King of the Mountain Sports, Inc., 185 F.3d at 1090. A lower degree of similarity is required when the marks are placed on closely related goods. See Nautilus Grp., Inc., 372 F.3d at 1345.
The degree of similarity between the parties' marks in this case is high. Looking beyond name similarity, we consider the mark's "effect o[n] marketplace presentation, including lettering styles [and] logos," the placement of words within the marks, the item on which the marks were placed, and the meaning of the marks. Hornady Mfg., Inc., 746 F.3d at 1002-03. Viewed as a whole, the marks in this case have significant stylistic overlap. Both are circular, with lettering running inside an outer circle. Both have the same word taking up approximately half of the total text. And both contain a heavily stylized fleur-de-lis with similar appearance, even though oriented in opposing directions. Particularly in initial interest or post-sale contexts, a consumer could plausibly be confused as to a product's origin. Because "[w]e give the similarities of the marks more weight than the differences," King of the Mountain Sports, Inc., 185 F.3d at 1090, there are sufficient similarities in the marks to weigh in Affliction's favor.
Additionally, "[t]he stronger a trademark, the more likely that encroachment upon it will lead to ... confusion." Id. at 1093. Utah Vap concedes that Affliction's mark has some degree of strength, and we agree that the mark is both conceptually and commercially strong. Conceptual strength considers "the placement of the mark on the distinctiveness or fanciful-suggestive-descriptive spectrum." Id. (alteration omitted). Affliction's mark is "arbitrary" because it involves words and symbols "that are in common linguistic use but which, when used with the goods or services in issue, neither suggest nor describe any ingredient, quality[,] or characteristic of those goods or services." Id. And "the categories, in descending order of strength, are: fanciful; arbitrary; suggestive; descriptive; and generic." Id. Further, commercial strength assesses "the marketplace recognition value of the mark." Id. Affliction has sold goods with its marks since 2005, had revenues of more than $275 million in the last six years, and spent more than $3.2 million on advertising and marking since 2009. Drawing all inferences in favor of Affliction at this stage, Affliction has demonstrated that its mark has commercial strength.
Our assessment of the other four factors does not overcome the visual similarity of the marks and the strength of Affliction's mark. The record indicates the marks are placed on some number of similar products and are marketed through at least some similar channels. Id. at 1093 (noting that the product and marketing factors are of increased importance when source confusion is alleged). The remaining factors-the absence of specific evidence that Utah Vap deliberately adopted its mark with an intent to infringe,[3] of actual customer confusion, *1116 or of a level of consumer care-do not overcome the prior factors. And although "the tilt of the scales does not determine" whether there is a likelihood of confusion, "the key inquiry, the similarity of the marks" in this case "strongly favors" Affliction's well-established mark. Hornady Mfg., Inc., 746 F.3d at 1008.
Accordingly, Utah Vap has not met its burden of showing that "no reasonable juror could find [a] likelihood of confusion." King of the Mountain Sports, Inc., 185 F.3d at 1090. Because a genuine issue of material fact exists as to the likelihood of initial interest and post-sale confusion between the marks, we reverse the district court's grant of summary judgment.
III
Trademark damages under the Lanham Act are governed by 15 U.S.C. § 1117(a), which allows recovery of "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." Id. Under Federal Rule of Civil Procedure 26(a)(1)(iii), Affliction was required to provide "a computation of each category of damages claimed" in its initial disclosures and provide all documents supporting the calculation by the close of discovery. Utah Vap alleges that Affliction failed to provide a sufficient computation of damages, and thus a jury would have insufficient evidence to award damages even if it found a likelihood of confusion between the marks.
"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999). Because the district court held there was no likelihood of confusion, it found it was "not necessary to determine whether to allow more time for the parties to conduct discovery on the issue of damages." We remand to the district court to consider, in its discretion, whether to permit additional discovery in light of our holding above.[4]
IV
For the forgoing reasons, the district court's grant of summary judgment is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

There is no dispute in this case that Affliction owns the relevant marks.

At oral argument, Affliction stated it would only pursue theories of initial interest and post-sale confusion upon remand. (Oral Arg. at 10:06-10:42 ("I would not pursue [point-of-sale confusion] at trial.").)

We have previously rejected the assertion made here by Affliction that "a jury could infer defendants' intent to derive the benefit and goodwill of [the] mark" simply "because they failed to conduct a full trademark search before using" the mark. Id. at 1091.

Affliction also argues that it can recover statutory damages because Utah Vap has used a "counterfeit mark." § 1117(c). But a counterfeit mark is one that "is identical with, or substantially indistinguishable from" another's mark. Utah Vap's mark, although similar to Affliction's, is not "substantially indistinguishable from" it. Finally, Affliction briefly requests injunctive relief. Because the district court held as a matter of the law that there was no likelihood of confusion, it did not reach this question. We remand to allow the district court to determine in the first instance whether injunctive relief is appropriate.